IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **HEATHER BYAM,** | * |
| 14 Nottingham Lane | |
| Berlin, MD 21811 | * |
| | |
| *Plaintiff,* | * |
| **v.** | |
| | * CIVIL CASE NO._____ |
| **OCEAN ENTERPRISE 589, LLC,** | |
| d/b/a Ocean Downs Casino | * |
| 600 North Hurstbourne | |
| Suite 400 | * |
| Louisville, KY 40222 | |
|   **Serve: The Corporation Trust Incorporated** | * |
|     2405 York Road, Suite 201 | |
|     Lutherville, MD 21093-2264 | * |
| | |
| *Defendant.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff Heather Byam ("Ms. Byam") through counsel files this Complaint against Ocean Enterprises 589, LLC d/b/a Ocean Downs Casino ("ODC"). Ms. Byam asserts claims for wrongful interference with economic relations, wrongful publication of private information, and "false light" invasion of privacy, arising from the General Manager of ODC's May 10, 2021 correspondence to Ms. Byam's employer, the Maryland State Lottery and Gaming Control Agency ("the State"), which resulted in Ms. Byam's wrongful termination. Ms. Byam seeks awards of compensatory damages, punitive damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) in that the matter in

1

controversy exceeds the sum of $75,000 and this action is between citizens of different States.

2.      Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in the District of Maryland, and there is no other district in which this action may be brought.

## PARTIES

3.      At all relevant times, Ms. Byam was an employee of the State of Maryland and a resident of Worcester County, Maryland.  Ms. Byam worked for the Maryland Lottery and Gaming Control, which regulates all casinos in Maryland.

4.      ODC is a Kentucky corporation registered to do business in Maryland.  It operates a casino and harness racing track in Worcester County, Maryland.

## FACTS COMMON TO ALL COUNTS

5.      Ms. Byam began working for the Maryland Lottery and Gaming Control Agency as a Casino Compliance Representative (CCR) October 7, 2015. Ms. Byam was tasked with overseeing casinos, which are privately held businesses.

6.      Beginning December 28, 2017, Ms. Byam was assigned to the ODC Compliance Office located on the gaming floor of the casino.

7.      There, Ms. Byam's primary job responsibilities were to receive complaints from the public, fingerprint casino employment applicants, monitor facility employees and vendors to ensure casino employees comply with State law and policy, and conduct investigations of related matters.

8.      Accordingly, Ms. Byam's job responsibilities required her to monitor ODC employees and to investigate complaints of misconduct on the part of such employees.

9.      On May 1, 2021, Ms. Byam was informed several ODC employees, including supervisory officials, had been captured on surveillance video footage drinking beer on the job, which they had not purchased.

10.      Ms. Byam initiated an investigation which necessarily entailed requesting the relevant video footage from ODC and reviewing that footage.

11.      Upon learning of Ms. Byam's request, Bobbi Sample ("Ms. Sample"), the general manager of ODC, and other ODC officials "closed ranks," denying there was any impropriety in the actions of their employees and seeking to retaliate against Ms. Byam for having investigated them.

12.      At all relevant times Ms. Sample was the General Manager of ODC and was acting within the scope of her employment.

13.      On May 10, 2021, Ms. Sample, "on behalf of Ocean Downs Casino," and over her signature as "General Manager – Ocean Downs Casino," wrote Ms. Byam's supervisor the letter attached as **EXHIBIT A**.

14.      In that correspondence, Ms. Sample on behalf of ODC complained that Ms. Byam's investigation of ODC misconduct was "unacceptable, unethical and unprofessional," disclosing that Ms. Byam was a "former employee of Ocean Downs Casino," and insinuating Ms. Byam's resignation from that employment followed upon "considerable coaching sessions" creating "a contributing factor to [Plaintiff's] recent actions." Ms. Sample further insinuated Ms. Byam routinely took "confidential" materials home from work in a "rolling file."

15.      Ms. Sample sent the May 10 2021 correspondence in the sense of conscious and deliberate wrongdoing and with wrongful motive and the intent to injure.

16.      Ms. Sample sent the May 10, 2021 correspondence to Ms. Byam's employer in

3

furtherance of ODC's business and she was authorized by ODC to send the letter. All of the actions taken by Ms. Sample giving rise to this suit were explicitly taken on behalf of ODC, her employer, who thus acted vicariously through her.

17.     As Ms. Sample's employer, ODC is responsible for all of the tortious acts committed by Ms. Sample within the scope of her employment arising from her sending the May 10, 2021 correspondence to the State.

18.     Although Ms. Sample's complaint about Ms. Byam was utterly unfounded and without merit, inasmuch as Ms. Byam's initiation and handling of ODC misconduct was appropriate, proper, thoroughly professional and squarely within her job responsibilities as a CCR, the State acted upon Ms. Sample's complaint and terminated Ms. Byam June 4, 2021.

19.     Through her union, Ms. Byam appealed her termination, which was eventually set aside by a decision of an Administrative Law Judge (ALJ) of the Office of Administrative Hearings (OAH) March 21, 2022.

20.     Pursuant to the ALJ's Order, the State reinstated Ms. Byam shortly thereafter.

21.     Although the ALJ directed the State to pay Ms. Byam her back wages and restore her employment benefits, Ms. Byam suffered significant consequential economic damages as a result of having to go almost a year without income.

22.     Moreover, Ms. Byam suffered irreparable harm to her character and reputation in the community, together with extreme emotional distress accompanied by physical symptoms.

23.     In order to seek recompense for these damages proximately caused by ODC, Ms. Byam has been constrained to retain private legal counsel to initiate and prosecute this proceeding.

## CAUSES OF ACTION

### COUNT I
### WRONGFUL INTERFERENCE WITH ECONOMIC RELATIONS

24.     The facts alleged above are incorporated by reference.

25.     Ms. Sample, on behalf of ODC, intentionally and improperly induced the State to terminate Ms. Byam's employment, interfering with and frustrating Ms. Byam's business expectation of continued employment and income.

26.     To achieve its goal, ODC made intentional misrepresentations to the State.  As a result of ODC's inducement, the State wrongfully terminated Ms. Byam.

27.     As a result of Defendant's conduct, Ms. Byam has suffered and will continue to suffer lost profits and other consequential damages.

**WHEREUPON**, Ms. Byam respectfully requests this Honorable Court grant the following relief:

A.     Enter a money judgment against Defendant for compensatory damages that exceeds $75,000 for Ms. Byam's damages that reasonably flow from Defendant's tortious actions including pecuniary loss, consequential damages, and emotional distress;

B.     Enter a money judgment against Defendant for punitive damages that exceeds $75,000;

C.     Enter a money judgment in favor of Ms. Byam and against Defendant for reasonable attorneys' fees pursuant the principles set forth in *St. Luke Evangelical Lutheran Church v. Smith*, 318 Md. 337 (1990), plus pre-judgment interest and court costs; and

D.     Grant Ms. Byam such other and further relief as the nature of her cause may warrant.

## COUNT II
## INVASION OF PRIVACY:  PUBLICATION OF PRIVATE INFORMATION

28.    The facts alleged in Paragraphs 1-21 are incorporated by reference.

29.    Ms. Sample on behalf of ODC intentionally disclosed to Ms. Byam's employer private information about her, to the effect that she had previously been an ODC employee but had been "unhappy" as such, and had therefore resigned, and falsely, negatively implied Ms. Byam was a problem employee with a disciplinary record.

30.    Ms. Sample attributed Ms. Byam's investigation of ODC misconduct to a retaliatory animus, based upon this improper, intentional disclosure of private information concerning Ms. Byam's previous employment.

31.    Defendant improperly publicized facts about Ms. Byam which were not of valid concern to the public and the publication of these facts was highly offensive to any reasonable person and constitutes unreasonable publicity given to Ms. Byam's private life.

32.    Defendant's conduct proximately caused Ms. Byam the damages alleged above.

**WHEREUPON**, Ms. Byam respectfully requests this Honorable Court grant the following relief:

A.    Enter a money judgment against Defendant for compensatory damages that exceeds $75,000 for Ms. Byam's damages that reasonably flow from Defendant's tortious actions including pecuniary loss, consequential damages, and emotional distress;

B.    Enter a money judgment against Defendant for punitive damages that exceeds $75,000;

C.    Enter a money judgment in favor of Ms. Byam and against Defendant for reasonable attorneys' fees and the principles set forth in *St. Luke Evangelical Lutheran Church v. Smith*, 318 Md. 337 (1990), plus pre-judgment interest and court costs; and

D.      Grant Ms. Byam such other and further relief as the nature of her cause may warrant.


## COUNT III
## INVASION OF PRIVACY:  PUTTING PLAINTIFF IN A FALSE LIGHT

33.     The facts alleged in Paragraphs 1-21 are incorporated by reference.

34.     Ms. Sample on behalf of ODC knowingly cast Ms. Byam in a false light with her employer, by insinuating Ms. Byam was a disgruntled former employee of ODC who acted on the complaints against ODC officials out of spite.  By so doing, ODC portrayed Ms. Byam as a disgruntled, dishonest, and vindictive public official who misused the authority of her position to settle personal scores.

35.     The false light in which Ms. Byam was placed would be highly offensive to a reasonable person.

36.     ODC had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Ms. Byam was placed.

37.      ODC's conduct proximately caused Ms. Byam to suffer the damages alleged above.

**WHEREUPON**, Ms. Byam respectfully requests this Honorable Court grant the following relief:

A.      Enter a money judgment against Defendant for compensatory damages that exceeds $75,000 for Ms. Byam's damages that reasonably flow from Defendant's tortious actions including pecuniary loss, consequential damages, and emotional distress;

B.      Enter a money judgment against Defendant for punitive damages that exceeds $75,000;

7

C.     Enter a money judgment in favor of Ms. Byam and against Defendant for reasonable attorneys' fees and the principles set forth in *St. Luke Evangelical Lutheran Church v. Smith*, 318 Md. 337 (1990), plus pre-judgment interest and court costs; and

D.     Grant Ms. Byam such other and further relief as the nature of her cause may warrant.

ROBIN R. COCKEY, ESQUIRE
# 8011010072
ASHLEY A. BOSCHÉ, ESQUIRE
# 0712110076
Cockey, Brennan & Maloney, P.C.
313 Lemmon Hill Lane
Salisbury, MD 21801
410-546-1750
Fax: 410-546-1811
rrcesq@cbmlawfirm.com
bosche@cbmlawfirm.com

8